**SOUTHLAND LIFE INSURANCE COM-PANY, Appellant,**

v.

**William M. SLAGLE et ux., Appellees.**

No. 3836.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied May 25, 1961.

R. L. Dillard, Jr., D. D. Crawford, Curtis White, Dallas, for appellant.

Armstrong, Bedford & Lambdin, Bart Hopkins, Galveston, for appellees.

WILSON, Justice.

Appellees' action against appellant is to recover medical expenses under a group insurance contract issued to Mrs. Slagle's employer, and a certificate thereunder issued to her. The court rendered judgment for appellees. No findings or conclusions were filed or requested. Appellant says the policy excluded the loss and benefits for which recovery was allowed.

Appellant concedes the coverage includes as "eligible charges" all of the items represented by the claim of appellees unless they are excluded by certain provisions relied on: There is a specific exclusion of charges "incurred on account of pregnancy, except as provided by the Pregnancy Benefits Endorsement." The endorsement referred to provided a specific limited benefit for any one pregnancy, "which term includes childbirth, miscarriage, or complications from

such pregnancy" in case of delivery of child, Caesarean section, abdominal operation for extra-uterine pregnancy, and miscarriage. It was provided that "For all purposes of the insurance: The term 'pregnancy' means pregnancy, childbirth, miscarriage, or complications resulting therefrom."

The parties agree the narrow question involved is whether the claim is for charges incurred "on account of pregnancy."

We summarize appellant's statement: A physician, whose charges are the basis for the claim, examined Mrs. Slagle in 1957 and determined she was pregnant; and shortly thereafter she had a miscarriage. In March, 1958 a further examination disclosed she had a condition termed an "incompetent internal cervical os", an enlarged inner opening of the cervix from the uterus which made it impossible for a foetus to be carried to full term. The condition was considered congenital. Two techniques were available to correct it, one of which was performable either before or during pregnancy. The doctor had then intended to employ the latter method, but insured again became pregnant in April, 1958 before surgery could be performed. This pregnancy likewise resulted in a miscarriage, confirming the previous diagnosis. The doctor again planned surgery, but insured became pregnant a third time. The doctor testified he thought, "I don't want to lose this pregnancy, so we are going to have to operate during pregnancy whether I like it or not." This operation, charges for which are involved, was successful, and the baby was delivered by Caesarean section. In his opinion the defect repaired was not caused by, and was not on account of pregnancy; and was the permanent correction of a condition for all future pregnancies, as well as this one. He testified that the operation would not have been done "except to enable this lady to carry her babies to proper term"; and that it would not have been performed on a sterile woman.

Appellant argues that "but for the pregnancy then existing, as well as all future pregnancies, the charges sought by appellee never would have been incurred", and that pregnancy was the only reason the surgery was performed; hence, the claim was for medical expense incurred "on account of pregnancy."

We believe the trial court was justified in concluding the surgery was not on account of, but despite, pregnancy. The condition corrected was discovered when insured was not pregnant. The surgery to repair the incompetence was planned at a time she was not enciente. After the conception in question, medical literature for the first time indicated to the surgeon that the purse-string suture performed could be done during pregnancy; and that there were mechanical, clinical and biological advantages in conducting it at specific stage of change in the cervix during pregnancy. The documentary evidence introduced by appellant clearly supports the determination that neither the condition nor the surgery could be properly classed as "a complication of that pregnancy or related to that pregnancy."

The parties stress etymology in construing and applying the words "on account of." We think the phrase is one of ordinary meaning and common usage, and there is really little discord between them as to what it means: "the reason for", "attributable to", "the ground or explanation for", "by reason of", "because of", "for the sake of", "for", I Century Dict. (Rev. Ed.) 39; Webster's New Int. Dict. (2d Ed.); 29 Words and Phrases 428.

The surgery was not "on account of" pregnancy; it was because of insured's inability to retain a foetus and the tendency to abort. Appellant's position, we believe, stems from overemphasis of the timing factor. If the operation had occurred a few months earlier when insured was not fecund, the contention could not plausibly be made. The fact that it occurred during pregnancy, or even that it had the gratify-

ing result of preventing miscarriage from the existing pregnancy as well as from any future conception, did not make the exclusion applicable. We think the application of the language made by the trial court to the facts in this case was reasonable and should be sustained.

It is unnecessary, therefore, to pass on appellant's contentions that it did not waive the right to deny liability by making payments under the contract, or that it was entitled to recover payments made, under its cross-action. Other points have been fully considered and are overruled.

Affirmed.